### Case No. 7,102.

The ISABELLA THOMPSON.

[Blatchf. Pr. Cas. 377.] [1]

District Court, S. D. New York. July 31, 1863. [2]

---

[1] [Reported by Samuel Blatchford, Esq.]

[2] [Affirmed in 3 Wall. (70 U. S.) 155.]

BETTS, District Judge. This vessel and cargo were captured, as prize of war, June 19, 1863, on the Atlantic Ocean, by the United States steamer United States, and were sent to this port for adjudication. James McDaniel, of Halifax, Nova Scotia, intervened and claimed as owner of the brig, and Nehemiah K. Clements, for himself and others, appeared and claimed the cargo. As in the preceding case [The Glen, Case No. 5,479], the vessel had a certificate of British registry, given at Halifax, August 5, 1862, as being a British vessel, built in New Brunswick, in 1861, to James McDaniel, of Nova Scotia. She had a certificate of her entry and clearance at Halifax, April 27, 1863, for Nassau, N. P., with a cargo of sundries, and a clearance at Nassau, June 5, 1863, for Halifax, with a cargo of spirits of turpentine and upland cotton, with a letter of instructions, a bill of lading, and an invoice conformable thereto. The cargo was taken on board in the harbor of Nassau. The ship's papers, upon their face, are regular and in due order. The master and the ship's company are shown, on the preparatory examination, to be British subjects, and to have no interest in the vessel and cargo. The voyage commenced at Halifax, and was to have ended there. The vessel made no port between Halifax and Nassau on the outward voyage, nor between the same ports on her return voyage, and was not near any port when captured, and had not attempted to enter any port on her return voyage. She was captured off St. George's Banks. All the papers on the vessel are regular and apparently fair.

No evidence is given, on the examination in preparatorio, that the cargo of the vessel was procured from a blockaded port by any person on board of or interested in the prize vessel, or that it was the property of such a person; and no reasonable color for doubt or suspicion as to the lawfulness or fairness of the voyage in question is furnished by the evidence in the case, except what arises from the testimony of the cook, Gabriel English. He testifies that the cargo seized was laden into the prize vessel in the harbor of Nassau from the schooner Argyle, which had just run the blockade of Wilmington, bringing that cargo into Nassau; that he understood that the master of the Argyle was part owner of her, and he supposes that he owned part of her cargo also; and that the master was a southern man from Wilmington. This conjecture of the witness cannot affect the ownership of the consignees and shippers of the cargo at Nassau. The neutral consignee at that port acquired a perfect title to the cargo as against the captors, although it was carried to Nassau by runners of the blockade, and the libellants have no legal authority to arrest it on board of a neutral ship while transporting it from a neutral port. But, acting on the persuasion that the cargo had been unlawfully brought from a blockaded port, and had been directly laden from the blockade-running vessel into the Isabella Thompson, the cruiser might, very naturally, believe that she possessed a rightful authority to intercept such transaction as one falling within the just cognizance of a prize court, and bring in the vessel and cargo for adjudication before that tribunal on such suspicion. Had any solidarity of interests between the Argyle and the Isabella Thompson, in the entire voyage from Wilmington to Halifax, been established by the proofs, or any complicity between the two vessels in the enterprise, the captors might well invoke the judgment of the court in condemnation of the enterprise. Although the evidence fails to make a clear case of illicit dealing on the part of the brig, so as to subject her to forfeiture, I think a reasonable cause of suspicion arises out of the testimony, of sufficient force to justify the granting of permission to the libellants to give further proofs to that point. If moved for by them, as the proofs now stand, I shall order the brig and cargo to be released from this seizure, and to be restored to the claimants without damages or costs; but with permission to the libellants, on four days' previous notice to the claimants, to move the court for leave to give further proofs in this suit upon the aforesaid points. Order accordingly.